# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATIONAL EXCHANGE BANK & TRUST,
        Plaintiff,

v.                                                     Case No. 11-C-0035

WINDRIDGE CO., et al.,
        Defendants.

## DECISION AND ORDER

On March 5, 2010, the plaintiff, National Exchange Bank & Trust, brought this action in Wisconsin state court against defendants, in which it seeks to collect money owed under various promissory notes and to enforce related security interests. None of the claims in the case arise under federal law. The case has proceeded for some time in state court, and plaintiff has moved for appointment of a receiver. A hearing on the receiver motion was scheduled for January 14, 2011. However, on January 13, 2011, defendants, proceeding pro se, filed a notice of removal of the action to this court, citing diversity of citizenship as the basis for federal jurisdiction. See 28 U.S.C. § 1332(a). The notice of removal is defective, in that it does not identify the citizenship of any party, and thus the notice does not satisfy the removing party's burden to show that federal subject matter jurisdiction exists. In any event, it is clear that all defendants are citizens of Wisconsin, and thus even if the plaintiff were a citizen of some other state, removal would be improper under the "forum defendant" rule that applies when the action does not arise under federal law. See 28 U.S.C. § 1441(b). The notice of removal was also filed more than thirty days after defendants received the initial pleading in the state-court case and therefore does not

comply with 28 U.S.C. § 1446(b). Thus, removal was improper, and this case will be remanded to state court.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The order should require payment of such costs and attorney fees where, at the time of removal, clearly established law demonstrated that there was no basis for removal. Wolf v. Kennelly, 574 F.3d 406, 411-12 (7th Cir. 2009). In the present case, it was clear at the time when defendants filed their notice of removal that there was no basis for removal. Indeed, it is clear that defendants filed the notice of removal in bad faith for the purpose of delaying proceedings in the state-court action. Thus, defendants are hereby ordered to pay all costs and expenses, including attorney fees, that plaintiff incurred as a result of the removal.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants pay all just costs and any actual expenses, including attorney fees, incurred by plaintiff as a result of the removal.

**FINALLY, IT IS ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the clerk mail a certified copy of this order to the clerk of the state court.

Dated at Milwaukee, Wisconsin, this 19th day of February 2011.

/s_____
LYNN ADELMAN
District Judge